IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
LAWRENCE FRANKO,                                        :
:
                *Plaintiff*,              :         3:17-CV-01558 (RMS)
:
    v.                                                :
:
TIMOTHY FARRELL, et al.                                 :
:
                *Defendants.*            :         DATE: APRIL 23, 2019
:
------------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION *IN LIMINE* (DOC. NO. 74)

      The plaintiff, Lawrence Franko, filed this motion *in limine* to preclude the defendants, Warden Timothy Farrell, Warden Jon Brighthaupt, Dr. Ricardo Ruiz, and Social Worker Lisa Simo-Kinzer,[1] from introducing evidence at trial concerning the plaintiff's criminal convictions and possible prison disciplinary record. (Doc. No. 74). The plaintiff argues that evidence concerning his criminal convictions is inadmissible under Fed. R. Evid. 404(b) and 609, and that his prison disciplinary record, to the extent such a record exists, is inadmissible under Fed. R. Evid. 404(b). (Doc. No. 74 at 1).

---

[1] The plaintiff brought this action against the following defendants: Commissioner Scott Semple, Warden Timothy Farrell, Warden Jon Brighthaupt, Dr. Ricardo Ruiz, Social Worker Lisa Simo-Kinzer, Dr. Syed Naqvi, John Doe #1, and John Doe #2. (*See* Doc. No. 1). On November 27, 2017, United States District Judge Jeffrey Alker Meyer issued an Initial Review Order in which he dismissed the claims against Commissioner Semple and Dr. Naqvi. (Doc. No. 7). On May 8, 2018, Judge Meyer dismissed the claims against John Doe #1 and John Doe #1, as the plaintiff failed to file an amended complaint naming John Doe #1 and John Doe #2. (Doc. No. 25). Accordingly, the remaining defendants are Warden Farrell, Warden Brighthaupt, Dr. Ruiz, and Ms. Simo-Kinzer.

For the reasons detailed below, the plaintiff's Motion *in Limine* (Doc. No. 74) is GRANTED in part and DENIED in part.

I. BACKGROUND

The plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment protection against cruel and unusual punishment. (*See* Doc. No. 1 at 1; Doc. No. 73 at 3–4). The plaintiff claims that he suffers from severe claustrophobia and that, despite knowledge of this medical condition, on October 1, 2014, the defendants refused to grant the plaintiff's request for special transportation and instead transported him in a crowded judicial marshal van. (Doc. No. 73 at 3–4). The plaintiff alleges that, while in the van, he began feeling claustrophobic and complained to the judicial marshals; however, the judicial marshals ignored him. (Doc. No. 1 at 5–6; Doc. No. 73 at 3). The plaintiff claims that he suffered a claustrophobia-induced seizure, during which he fell face-first on the ground and suffered injuries as a result. (Doc. No. 1 at 6; Doc. No. 73 at 3–4; Doc. No. 74-1 at 2). The plaintiff claims also that he subsequently learned he had suffered a minor heart attack during the incident. (Doc. No. 1 at 8; Doc. No. 73 at 4). The defendants deny the plaintiff's material allegations. (Doc. No. 73 at 4).

II. DISCUSSION

The plaintiff contends that Fed. R. Evid. 609 bars admission of his criminal history, as "all but his most recent conviction occurred well over ten years ago, and evidence of his most recent conviction is of minimal probative value in this § 1983 case and is highly prejudicial." (Doc. No. 74-1 at 2). He argues also that, to the extent the plaintiff has a prison disciplinary

2

record, it "is inadmissible under Federal Rule of Evidence 404(b) as evidence of prior bad acts." (Doc. No. 74-1 at 2).

"A motion *in limine* to preclude evidence calls on the [C]ourt to make a preliminary determination on the admissibility of evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005) (internal quotation marks omitted). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Dougherty v. County of Suffolk*, No. CV 13-6493 (AKT), 2018 WL 1902336, at *1 (E.D.N.Y. Apr. 20, 2018) (internal quotation marks omitted); *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467. "[O]nly when the evidence is clearly inadmissible on all potential grounds should such evidence be excluded on a motion *in limine*." *Dougherty*, 2018 WL 1902336, at *1 (internal quotation marks omitted). "A district court's *in limine* ruling 'is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer.'" *Highland Capital Mgmt.*, 379 F. Supp. 2d at 467 (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)); *see Dougherty*, 2018 WL 1902336, at *1.

### A. THE PLAINTIFF'S CONVICTIONS FROM 1975–1982

The plaintiff maintains that evidence regarding his prior convictions from 1975 through 1982 is inadmissible under Fed. R. Evid. 609(b). Specifically, the plaintiff argues that these convictions "occurred between 1975 and 1982" and that "[h]e was released from prison for the last of th[e] convictions, sexual assault in the first degree, in 1997—over twenty years ago." (Doc. No. 74-1 at 3). The plaintiff adds that this evidence "would not only inflame the jury against [the plaintiff], but would also confuse what this trial is about, *i.e.*, whether the [d]efendants were

deliberately indifferent to [the plaintiff's] severe claustrophobia." (Doc. No. 74-1 at 3). The Court agrees with the plaintiff.[2]

The purpose of Rule 609(b) is to "limit the admission of evidence of criminal convictions that are too remote in time to be reliably probative of truthfulness." *Dougherty*, 2018 WL 1902336, at *3. "Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Id.* (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (citing FED. R. EVID. 609(b)) (internal quotation marks omitted). "[T]he Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted very rarely and only in exceptional circumstances." *Id.* (quoting *Daniels*, 986 F. Supp. at 252 (quoting *Zinman v. Stanley Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993))) (internal quotation marks omitted).

Here, the plaintiff has eleven convictions, which date from 1975 to 1982, and are comprised of mostly misdemeanor and some felony offenses. (*See* Doc. No. 74-2 at 3). The plaintiff's most serious prior conviction (before the offense resulting in his current incarceration term) is the June 1982 conviction for first degree sexual assault, which resulted in a sentence of twenty years' imprisonment, execution suspended after fifteen years (Doc. No. 74-2 at 3); he was released from confinement on that sentence in 1997 (Doc. No. 74-1 at 3). There does not appear to be any compelling argument that this case presents one of the "exceptional circumstances" warranting admission of the plaintiff's prior convictions from 1975 through 1982, *see Dougherty*, 2018 WL 1902336 at *3, the most recent of which is nearly thirty-seven years old. Accordingly,

---

[2] The defendants did not address this argument in their response to the plaintiff's Motion.

as to the plaintiff's convictions spanning from 1975 through 1982, the Court grants the plaintiff's motion to exclude his prior convictions under Fed. R. Evid. 609(b).

B.  THE PLAINTIFF'S 2008 CONVICTION

The plaintiff also argues that evidence regarding his 2008 conviction of second degree kidnapping is inadmissible under Fed. R. Evid. 609(a). Specifically, the plaintiff maintains that "[e]vidence of [his] most recent conviction cannot survive the Rule 403 balancing test incorporated into Rule 609(a)(1)," and that, because the plaintiff's current conviction "plainly did not require proof or admission of a dishonest act or false statement[,]" the evidence is not admissible under Fed. R. Evid. 609(a)(2). The defendants respond that, at the very least, the Court should admit evidence regarding the "essential facts" of this conviction. (Doc. No. 82 at 5).

"Rule 609 of the Federal Rules of Evidence governs the admissibility of criminal convictions for impeachment purposes in civil actions[,]" providing two ways in which parties can admit such evidence. *Dougherty*, 2018 WL 1902336, at *4. Fed. R. Evid. 609(a)(1) allows for the admission of evidence of criminal convictions to impeach a witness "if the conviction was for a crime 'punishable by [death or] imprisonment in excess of one year.'" *Id.* (quoting *Daniels*, 986 F. Supp. at 249). The rule, however, also incorporates Fed. R. Evid. 403, and requires the Court to balance whether the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion, or waste of time." *Id.* When proceeding through the Rule 403 analysis, courts consider the following factors: "(1) the impeachment value of the crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crimes and the conduct at issue, and (4) the importance of the credibility of the witness." *Id.*; *see also Ramos v. Trifone*, No. 3:11-CV-679 (SALM), 2015 WL 6509114, at *4 (D. Conn. Oct. 28, 2015).

5

Here, all the details of the plaintiff's 2008 conviction of second degree kidnapping are not admissible under Fed. R. Evid. 609(a)(1). In this case, the plaintiff alleges that the defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment protection against cruel and unusual punishment. The issues in this case involve the defendants' alleged knowledge of the plaintiff's claustrophobia, the defendants' alleged refusal to honor the plaintiff's request for special transportation, and the injuries that the plaintiff allegedly suffered as a result of being forced to ride in a crowded judicial marshal van. Although second degree kidnapping is a crime "punishable by death or imprisonment for more than one year," FED. R. EVID. 609(a)(1), the probative value of this evidence is quite limited. Kidnapping is a violent crime, which "[a]s a general rule of thumb . . . ha[s] limited probative value concerning a witness's credibility." *Id.*; *United States v. Estrada*, 430 F.3d 606, 618 (2d Cir. 2005). Also, the plaintiff committed the kidnapping approximately eleven years ago, which "diminishes the probative value[,]" as "the probative value of a conviction decreases as its age increases." *Ramos*, 2015 WL 6509114, at *4 (quoting *Twitty v. Ashcroft*, No. 3:04-CV-410 (DFM), 2010 WL 1677757, at *2 (D. Conn. Apr. 30, 2010)).

The kidnapping conviction, however, is dissimilar from the alleged conduct of the defendants here—deliberate indifference to the plaintiff's medical needs—weighing against the prejudicial effect of admitting the evidence. *See id.* Also weighing against the preclusion of this evidence is the importance of the witness's credibility. Considering all of these factors together, the Court concludes that although "the jury is not entitled to learn the ugly details of the plaintiff's crime[,]" *James v. Tilghman*, 194 F.R.D. 402, 405 (D. Conn. 1999) (internal quotation marks omitted), the defendants may present limited evidence of the fact that the plaintiff has been

convicted of a felony offense, the date of that conviction, and the sentence for that conviction. *See id.* Balancing the factors under Rule 403, the Court will not permit the defendants to admit the name of the prior felony conviction.[3]

### C. THE PLAINTIFF'S POTENTIAL PRISON DISCIPLINE RECORD

The plaintiff claims that the Court should exclude evidence regarding his prison discipline record, if any, under Fed. R. Evid. 404(b). Specifically, the plaintiff maintains that he is "not aware of any potentially negative prison disciplinary record that [he] may have, but out of an abundance of caution, moves for the preclusion of any such evidence offered by the defendants." (Doc. No. 74-1 at 7).

"The general principles of whether character evidence may be admissible and under what circumstances are set forth in Federal Rule of Evidence 404(a) and (b)." *James v. Gilmore*, No. 03-CV-868(Sr.), 2009 WL 435286, at *2 (W.D.N.Y. Feb. 20, 2009). Relevant to the plaintiff's motion is Rule 404(b), which "provides that prior act evidence 'is not admissible to prove the character of a person in order to show action in conformity therewith,' but 'may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan,

---

[3] The court concludes also that no aspects of the plaintiff's 2008 conviction are admissible under Fed. R. Evid. 609(a)(2). "Under Rule 609(a)(2), evidence that a witness has been convicted of a crime involving dishonesty or a false statement must be admitted regardless of the severity of the punishment or any resulting prejudice." *Id.* (internal quotation marks omitted). For purposes of Fed. R. Evid. 609(a)(2), the Court must be able to "readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement[]" to be admissible. FED. R. EVID. 609(a)(2); *see also* Christopher B. Mueller, et al., *Court-Initiated Amendments; Work of Evidence Rules Advisory Committee*, 5 Fed. Evid. § 11:8 (4th Ed. July 2018) (explaining that the language of Rule 609(a)(2) "makes it clear that this category reaches only those convictions in which 'establishing the elements of the crime required proof or an admission' of acts of dishonesty[,]" and noting that "a conviction for kidnapping would not fit Rule 609(a)(2), even if the means used to commit the crime involved dishonesty or false statement."). As the plaintiff pointed out in his memorandum in support of his Motion *in Limine*, the language of Connecticut's second degree kidnapping statute clearly does not require proof of a dishonest act or false statement. Accordingly, the plaintiff's kidnapping conviction is inadmissible under Rule 609(a)(2).

knowledge, identity, or absence of mistake or accident.'" *Id.* (quoting FED. R. EVID. 404(b)) (citing *Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996)).

The plaintiff states expressly that the existence of a prison disciplinary record is unknown, but that he is seeking to preclude such evidence "out of an abundance of caution[.]" (Doc. No. 74-1 at 7). The defendants do not intend to offer this evidence, to the extent it exists, unless the plaintiff "opens that door." (Doc. No. 82 at 6). At present, it would be premature for the Court to rule on the admissibility of the plaintiff's potential prison disciplinary record. *See James*, 2009 WL 435286, at *2. Accordingly, the Court denies without prejudice the plaintiff's Motion *in Limine* regarding his possible prison disciplinary record; however, it will hear discussion of this issue and render a decision as necessary at the final pretrial conference on April 25, 2019.

III. <u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's Motion *in Limine* (Doc. No. 74) is GRANTED in part and DENIED in part. Evidence regarding the plaintiff's convictions from 1975 through 1982 is inadmissible. Evidence regrading the plaintiff's 2008 conviction is admissible to the extent that the defendants seek to elicit the mere fact of the prior felony conviction (without reference to the name of the crime), the date of the conviction, and the disposition for the conviction. The admissibility of any evidence of a prison disciplinary record will be addressed at the final pretrial conference.

Dated this 23rd day of April, 2019, at New Haven, Connecticut.

/s/ *Robert M. Spector*, U.S.M.J
Robert M. Spector
United States Magistrate Judge